[760 NYS2d 700]

In the Matter of H. Ronald Buttarazzi, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, March 21, 2003

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Alfred P. Kremer*, Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and maintains an office for the practice

of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including entering into agreements for excessive fees, and charging and collecting such fees. Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm.

The Referee found that respondent charged and collected excessive fees from his clients. He used mixed fee agreements providing for the payment of fixed fees, fees billed at hourly rates and fees calculated on a contingency basis without providing that any part of the fee was refundable, and, in a medical malpractice matter, respondent's retainer agreement provided that the clients were entitled to no refund, regardless of case outcome. Additionally, a form retainer agreement and statement of clients' rights used by respondent in a domestic relations matter failed to contain required language regarding mandatory fee arbitration and the client's rights to cancel the agreement and to receive billing statements at regular intervals.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (c) (2) (iii) (22 NYCRR 1200.11 [c] [2] [iii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter that is based upon a security interest, confession of judgment or other lien without prior notice to the client in a signed retainer agreement and approval from a tribunal after notice to the adversary;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3])—entering into an agreement for, charging or collecting a fee proscribed by law or rule of court;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve a fee dispute in a civil matter by arbitration at the election of the client pursuant to a fee arbitration program established by the Chief Administrator of the Courts and approved by the Justices of the Appellate Divisions;

DR 2-106 (f) (22 NYCRR 1200.11 [f])—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly any part of a fee paid in advance that has not been earned;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client promptly of the receipt of funds in which the client has an interest; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to the client as requested by the client funds in the possession of the lawyer that the client is entitled to receive.

Additionally, we find that respondent violated rules setting forth procedures for attorneys in domestic relations matters by failing to provide a client with a proper statement of client's rights and responsibilities (22 NYCRR 1400.2); failing to execute a proper written retainer agreement (22 NYCRR 1400.3); and taking a lien on real property to secure his fee without providing notice to the client's spouse or obtaining court approval (22 NYCRR 1400.5).

We have considered the matters submitted in mitigation, including that respondent has reduced his hourly rates, revised his forms used for retainer agreements in domestic relations matters and discontinued his use of mixed fee arrangements. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court. Additionally, respondent is directed to make restitution to his clients in the amounts set forth in the order entered herewith.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of suspension entered.